UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DARRELL WAYNE HUGHES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:24-cv-00485-JPH-MG |
| ) | |
| FRANK VANIHEL Superintendent, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING MOTION TO DISMISS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Darrell Hughes's petition for a writ of habeas corpus challenges his conviction in disciplinary proceeding WVC-23-12-1781 for which he received a 90-day loss of good-time credit and a demotion in credit class.

### I.     Motion for Court Assistance

Mr. Hughes's motion for court assistance in which he asks the respondent to answer his petition, dkt. [11], is **denied**. Respondent filed a timely motion to dismiss. Dkt. 13.

### II.     Motion to Dismiss

The respondent moves to dismiss the petition because the case was designated for rehearing, and the grievance sanctions were vacated. *See* dkts. 13, 13-1, 13-2. The motion to dismiss is unopposed.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). To be considered

1

"in custody" for purposes of a challenge to a prison disciplinary conviction, the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies").

This action is now moot because Petitioner's petition no longer challenges a disciplinary action that affects the fact or duration of his custody. A moot case must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 520 U.S. 1198 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing

the cause.'") (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L. Ed. 264 (1868)).

Accordingly, the respondent's motion to dismiss, dkt. [13], is **granted**, and the petition is dismissed for lack of jurisdiction.

### III.    Conclusion

Mr. Hughes's motion for court assistance, dkt. [11], is **denied**. The motion to dismiss, dkt. [13], is **granted**. Mr. Hughes's petition is dismissed for lack of jurisdiction. The clerk is directed to enter final judgment consistent with this Order.

**SO ORDERED.**

Date: 6/6/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DARRELL WAYNE HUGHES
960992
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov